UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | | |
|---|---|---|
| **DIONNE DAVIDSON** <br> 313 Superior Ave. <br> Mansfield OH 44902**,** <br><br> Plaintiff, <br><br> v. <br><br> **LOGAN VIEW LLC** <br> c/o Mandy Goble, agent <br> 205 Palmer Ave. <br> Bellefontaine, OH 43311, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: <br><br> JUDGE: <br><br> **<u>CLASS ACTION COMPLAINT</u>** <br><br> **<u>WITH JURY DEMAND</u>** |

Plaintiff, Dionne Davidson ("Ms. Davidson"), for her Complaint, states the following:

## <u>INTRODUCTION</u>

1.     Ms. Davidson brings this class action seeking monetary, declaratory and injunctive relief to redress a persistent pattern of deceptive conduct committed by Defendant, Logan View LLC ("Logan View"), a debt collector.  Logan View sends out form letters on behalf of medical creditors which falsely and deceptively imply that a lawsuit is forthcoming, and that the debtor's options are limited to either agreeing to pay or being sued.  Defendant engages in this practice in order to create the false impression that the debtors do not have a right to dispute the debts.  This practice is false, deceptive, misleading and violates the federal Fair Debt

Collection Practices Act, 15 U.S.C. 1692a, et seq., ("FDCPA") and the Ohio Consumer Sales

Practices Act, R.C. 1345.01, et seq. ("CSPA")

## Jurisdiction & Venue

2.      Jurisdiction is conferred on this court by 28 U.S.C. § 1331, 1337 and 15 U.S.C. §

1692 k(d).

3.      Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §

1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202 and to R.C.

1345.09(D).

4.      Venue is proper, as Logan View's acts occurred in various places within the

territorial jurisdiction of the Court, including but not limited to Richland County, Ohio.

## PARTIES

### Logan View LLC

5.      Logan View is a limited liability company organized under the laws of the State

of Ohio.  Logan View has a principal place of business in Logan County, Ohio.

6.      Logan View is in the business of collecting consumer debts, including medical

debts.

7.      The primary purpose of Logan View is the collection of consumer debts.

8.      Logan View regularly attempts to collect consumer debts on behalf of another.

9.      At all times relevant, Logan View used the trade name "Credit Care."

### Ms. Davidson

10.      Ms. Davidson is an individual resident of Richland County, Ohio.

11.      Ms. Davidson brings this action on behalf of herself and two classes of

individuals as described below.

**STATEMENT OF FACTS**

12.     Prior to 2020, Ms. Davidson's husband was provided personal medical goods and services by the Foot and Ankle Wellness Center (the "Medical Services").

13.     Logan View alleged that Ms. Davidson owed a balance of $452.32 for the Medical Services (the "Alleged Debt").

14.     On or about December 26, 2019, Logan View sent Ms. Davidson a letter by mail (the "Collection Letter").

15.     A copy of the Collection Letter is attached as Exhibit 1.

16.     Ms. Davidson received the Collection Letter in late December.

17.     Ms. Davidson did not believe she owed the amount claimed in the Collection Letter.

18.     When Ms. Davidson saw the Collection Letter, her overall impression was that she was going to be sued by Credit Care for the Alleged Debt. She felt threatened and was worried about being sued and being subjected to a garnishment.

19.     Upon looking at the Collection Letter more closely, Ms. Davidson noted that the small print was harder to see, and got the impression that Credit Care wanted money right now or they would sue her.  Ms. Davidson noticed that there appeared to be two options: paying the Alleged Debt or being sued.  Ms. Davidson believed that all of the small print check-box items on the left related to arranging payment, and all of the items on the right related to being sued.

20.     Upon information and belief, Logan View did not have authority from the creditor to sue Ms. Davidson on the Alleged Debt at the time it sent the Collection Letter.

21.     As a result of Logan View's actions, Ms. Davidson was afraid, worried, and confused about the Collection Letter, and expended time and effort.

## APPLICABLE LAW

22.     Section 1692e of the FDCPA prohibits debt collectors from engaging in behavior that is false, deceptive or misleading.

23.     Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

24.     Section 1692e(10) of the FDCPA prohibits debt collectors from using a false representation or deceptive means to collect a debt.

25.     Section 1345.02 of the CSPA prohibits deceptive acts by "suppliers," including those who effect consumer transactions, such as debt collectors.

## CLASS ALLEGATIONS

26.     Upon information and belief, Logan View routinely mails collection letters substantially in the form of Exhibit 1 to Ohio residents to attempt to collect medical debts.

27.     Upon information and belief, Logan View does not have authority from the creditors to sue the people to whom it sends those letters, at the time the letters are sent.

28.     Logan View's actions were false, deceptive, misleading, and violated the FDCPA and CSPA.

29.     Pursuant to Civ. R. 23, Ms. Davidson brings this action on behalf of herself and all other persons similarly situated.

30.     Ms. Davidson seeks to represent two classes of individuals.

31.     The FDCPA Class is defined as:

     a.     All individuals in Ohio to whom Logan View sent a letter substantially in the form of Exhibit 1;

     b.     where the letter attempted to collect an alleged medical debt;

      c.     where the letter was sent within one year prior to the filing of this case,

through the present.

32.     The CSPA Class is defined as:

      a.     All individuals in Ohio to whom Logan View sent a letter substantially in

the form of Exhibit 1;

      b.     where the letter attempted to collect an alleged medical debt;

      c.     where the alleged creditor was not an individual physician or dentist; and

      d.     where the letter was sent within two years prior to the filing of this case,

through the present.

33.     The proposed classes are so numerous that joinder of all members would be impracticable.  The exact size of the proposed classes and the identity of the members thereof, are readily ascertainable from Logan View's business records.

34.     There is a community of interest among the members of the proposed classes in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members.

35.     These questions include, inter alia:

      a.     whether Logan View sent letters substantially in the form of Exhibit 1 to

numerous other Ohio consumers; and

      b.     whether Logan View's letters were false, deceptive, misleading, or

otherwise violated the FDCPA and CSPA.

36.     Proof of a common set of facts will establish the liability of Logan View and the right of each member of the classes to recover.

37.     Ms. Davidson's claims are typical of those of the classes she seeks to represent, and she will fairly and adequately represent the interests of the classes.

38.     Ms. Davidson is represented by counsel that is competent and experienced in both consumer protection and class action litigation.

39.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually.  The prosecution of separate actions by individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Logan View, and would establish incompatible standards of conduct for Logan View.

### FIRST CLAIM FOR RELIEF
### Fair Debt Collection Practices Act

40.     Ms. Davidson incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and restated herein.

41.     Logan View is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

42.     Ms. Davidson, and other members of the FDCPA Class are each a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

43.     The alleged medical debts of Ms. Davidson and members of the FDCPA Class are "debts" as defined in the FDCPA, 15 U.S.C. §1692a(5).

44.     The letters used by Logan View, described above, are likely to cause an unsophisticated consumer to be confused as to their options and rights regarding the alleged

6

debts, and are likely to cause the consumer to be more likely to pay the claimed debt without confirming or verifying its legitimacy.

45.     The letters are deceptive in that they falsely imply to an unsophisticated consumer that they must either arrange payments or be sued.

46.     The letters would cause an unsophisticated consumer to falsely believe that Logan View has the authority to sue them.

47.     Logan View's conduct, including specifically their use of the letters as outlined above, was false, deceptive, and misleading and violated the FDCPA, including specifically 15 U.S.C. § 1692e, e(5) and e(10).

48.     As a result of the above violations of the FDCPA, Logan View is liable to Ms. Davidson, and each class member for: (1) statutory damages in the amount of one percent (1%) of the net worth of Logan View, not to exceed $500,000; (2) additional relief as the Court may allow; and (3) costs and reasonable attorney fees. 15 U.S.C. § 1692k(a).

WHEREFORE, Plaintiff Dionne Davidson respectfully requests relief, on behalf of herself and each member of the FDCPA class, as follows:

a)     an order certifying this case as a class action, and certifying the FDCPA Class as defined herein;

b)     Statutory damages available pursuant to 15 U.S.C. § 1692k;

c)     interest to the extent permitted by law;

d)     An appropriate class representative incentive award;

e)     Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k and other applicable law; and

f)     Such other and further relief as this Honorable Court deems proper.

## SECOND CLAIM FOR RELIEF
### Ohio Consumer Sales Practices Act

49.     Ms. Davidson incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and restated herein.

50.     Logan View is a "supplier" as defined by R.C. 1345.01(C), because it is in the business of effecting consumer transactions, including collection of consumer debts.

51.     Ms. Davidson and other members of the CSPA Class are each a "consumer" as defined by R.C. 1345.01(D).

52.     The alleged medical debts are part of a "consumer transaction" as defined in R.C. 1345.01(A).

53.     Logan View's conduct, including specifically its use of the letters as outlined above, was false, deceptive, misleading, and violated the CSPA, including specifically R.C. 1345.02.

54.     The type of acts and practices complained of herein had previously been declared unfair and/or deceptive by decisions of Ohio Courts, which decisions had previously been included in the Ohio Attorney General's Public Inspection File ("PIF").

55.     Logan View acted knowingly.

WHEREFORE Ms. Davidson respectfully requests relief, on behalf of herself and each member of the CSPA class, as follows:

a)   an order certifying this case as a class action, and certifying the CSPA Class as defined herein;

b)   a declaration from the Court finding that Logan View's acts regarding the use of the letters was deceptive and violated the CSPA;

c)   a preliminary and permanent injunction pursuant to R.C. 1345.09(D), ordering Logan

8

View to immediately cease their acts regarding the use of the letters;

d)  an award of costs and reasonable attorney's fees, pursuant to R.C. 1345.09(F)(2) and

other applicable law;

e)  interest to the extent permitted by law;

f)  an award of an appropriate class representative incentive award;

g)  an order granting such other and further relief as this Honorable Court deems proper.

## JURY DEMAND

Ms. Davidson respectfully demands a trial by jury to hear and determine the issues of the

above-captioned case.

Respectfully submitted,


*/s/ Gregory S. Reichenbach*
Gregory S. Reichenbach (Ohio Bar
#0077876)
P.O. Box 711
Perrysburg, OH  43552-0711
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com


*/s/ Edward A. Icove*
Edward A. Icove (Ohio Bar #0019646)
Icove Legal Group, Ltd.
50 Public Square, Suite 3220
Cleveland, OH 44113
(216) 802-0000
Fax (216) 802-0002
Email: ed@icovelegal.com

/s/ Jefferey R. Stiffler
Jefferey R. Stiffler (Ohio Bar #0084723)
THE HECK LAW OFFICES, LTD.
One Marion Avenue, Suite 215
Mansfield, Ohio  44903
(419) 524-2700
FAX: (419) 524-2710
Email: jstiffler@hecklawoffices.com

Attorneys for Ms. Davidson and the class

# Exh. 1

*Credit Care*
112 Dowell Ave.  Bellefontaine, Ohio, 43311
Telephone:  (937) 592-3902
(800) 440-8906 (if long distance)

| ACCOUNT NUMBER | |
|---|---|
| REDACTED* REDACTED | |
| DUE DATE JAN 05 2020 | AMOUNT DUE $452.32 |
| CREDITOR FOOT AND ANKLE WELLNESS CENTER | |

## INFORMATION REQUESTED TO EVALUATE

## POSSIBLE LAWSUIT

☐ I intend to pay  please do not have
your attorney start lawsuit
    ☐ Payment in full enclosed
    ☐ Will pay on
    _____ (Date)
    ☐ Need to Discuss
My phone number is:
_____

☐ I do not intendt to pay.  Tell your
attorney to start legal action.
immediately  Serve summons at:
    ☐ My Home          ☐ My Job
    ☐ Morning          ☐ Afternoon
    ☐ Evening
    At the following address:
    _____
    _____
    _____

*This account number may include multiple dates of service and/or multiple accounts.

*Please include your account number on all correspondence.*

## WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

---

501

*C C*
112 Dowell Ave
Bellefontalne, OH 43311

ADDRESSEE:

********************SNGLP  T9  P1
DIONNE DAVIDSON
313 SUPER AVE
MANSFIELD, OH 44902

IF PAYING BY CREDIT CARD, CHECK BOX AND PLEASE FILL OUT BELOW

☐ *VISA*   ☐    ☐

Card Number _____   V-Code_____

Print Name _____   Amt. Paid _____

Signature _____   Exp. Date _____

| STATEMENT DATE | DUE DATE |
|---|---|
| December 26, 2019 | JAN 05 2020 |
| AMOUNT DUE | ACCOUNT # |
| $452.32 | REDACTED |

MAKE CHECKS PAYABLE AND REMIT TO:

CREDIT CARE
112 DOWELL AVE
BELLEFONTAINE, OH 43311-2305