UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| DIONNE DAVIDSON, | : | CASE NO. 1:20-cv-02784 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 5] |
| vs. | : |  |
| LOGAN VIEW LLC, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Dionne Davidson, on behalf of herself and others similarly situated, sues Defendant Logan View LLC for Fair Debt Collection Practices Act violations.[1]

Defendant moves for a change of venue. Logan View argues the Northern District of Ohio is in an improper venue, and in alternative, the Southern District of Ohio is a more convenient venue.[2] Plaintiff opposes.[3]

For the following reasons, the Court **GRANTS** Defendant's motion and **TRANSFERS** this suit to the Southern District of Ohio.

I.  Discussion

    A.  The Northern District of Ohio Is a Proper Venue.

Venue rests in "a judicial district in which [the] defendant resides."[4] A limited liability company "resides, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"[5]

---

[1] Doc. 1.
[2] Docs. 5, 8.
[3] Doc. 6.
[4] 28 U.S.C. § 1391(b)(1).
[5] 28 U.S.C. § 1391(c)(2).

Case No. 1:20-cv-02784
GWIN, J.

Defendant Logan View is an Ohio limited liability company with its principal place of business in Ohio.[6] Therefore, this Court has personal jurisdiction over Defendant.[7]

The parties' focus on Defendant's Northern District of Ohio contacts rather than Defendant's general Ohio contacts is puzzling. Personal jurisdiction hinges on a defendant's contacts with a state, not a federal judicial district.

Because this Court has personal jurisdiction over Defendant, venue in the Northern District of Ohio is proper under § 1391(b)(1).

### B. However, the Southern District of Ohio Is a More Convenient Venue.

"For the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought[.]"[8] When ruling on a motion to transfer, a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interest of justice.'"[9] "These private and public interests include the plaintiff's choice of forum, location of documents, convenience of witness, possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively."[10] The defendant bears the burden of showing the factors "strongly" favor transfer.[11]

---

[6] Doc. 1; Doc. 5-1.
[7] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).
[8] 28 U.S.C. § 1404(a).
[9] *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).
[10] *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999).
[11] *Id.* (citing *Picker Intern., Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998)).

- 2 -

Case No. 1:20-cv-02784
GWIN, J.

Defendant moves to transfer this case to the Southern District of Ohio.

As a threshold matter, the Court finds that Plaintiff could have filed this suit in the Southern District.

Likewise, the Court finds that the balance of factors strongly favors transfer. Plaintiff seeks to represent a class of Ohio residents who were subjected to Defendant's debt collection practices. Defendant states that the "vast majority" of its debt collection activities occur in, and therefore the vast majority of potential class members are in, the Southern District.[12]

Further, Defendant Logan View and its witnesses will likely bear the brunt of the discovery burden. The Southern District of Ohio, Eastern Division is more convenient for Defendant and equally as convenient as this Court for Plaintiff.

## II. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for a change of venue, finding the Southern District of Ohio is more convenient. The Court **TRANSFERS** this suit to the Southern District of Ohio, Eastern Division under 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: March 8, 2021              *s/      James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[12] Doc. 5-1.